IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT GARZA,<br><br>               Petitioner,<br><br>vs.<br><br>DONALD KLEINE, and DOUG PETERSON,<br><br>               Respondents. | 8:19CV83<br><br>MEMORANDUM AND ORDER |

After granting Petitioner Robert Garza ("Garza") leave to proceed in forma pauperis, the court now conducts an initial review of Garza's Petition for Declaratory Judgment (filing no. 1) and Supplemental Petition (filing no. 9) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. BACKGROUND

Garza is currently confined at the Tecumseh State Correctional Institution and serving a life sentence with a consecutive term of years as a result of a 1984 conviction from the District Court of Douglas County, Nebraska for kidnapping, attempted second degree murder, and use of a firearm to commit a felony. (Filing No. 1 at CM/ECF pp. 1, 5–6.)

On February 21, 2019, Garza filed a Petition for Declaratory Judgment pursuant to 28 U.S.C. § 2201, seeking a declaration that his state conviction and sentence violate due process because the judgment is based on perjured testimony and there is no valid signed and file-stamped judgment of conviction as required by Nebraska law. (Filing No. 1.) On April 19, 2019, Garza filed a Supplemental Petition to add a facial attack to the constitutionality of the one-year statute of

limitations on state postconviction actions contained in Neb. Rev. Stat. § 29-3001. (Filing No. 9.)

Garza has challenged his 1984 conviction and sentence in four previous habeas actions. *See Garza v. Hansen*, Case No. 8:18CV276 (D. Neb. 2018) (Kopf, J., presiding); *Garza v. Britton, et al.*, Case No. 8:07CV338 (D. Neb. 2007) (Strom, J., presiding); *Garza v. Britten*, Case No. 4:03CV3194 (D. Neb. 2003) (Smith Camp, J., presiding); *Garza v. Hopkins*, 4:92CV3186 (D. Neb. 1992) (Urbom, J., presiding), *aff'd* 6 F.3d 782 (8th Cir. 1993).[1] In Case No. 4:92CV3186, Judge Urbom denied Garza habeas relief and that decision was affirmed by the Eighth Circuit in 1993. Those decisions were on the merits. *See Garza v. Britten*, 4:03CV3194, Filing No. 10. In both Case No. 4:03CV3194 and Case No. 8:07CV338, Garza's habeas petitions were dismissed as a second or successive habeas petition for which Garza had not obtained permission from the Eighth Circuit Court of Appeals to file as required by 28 U.S.C. § 2244(b)(2)–(3). In Case No. 8:18CV276, the court denied Garza's "Request for Relief of Judgment Under Rule 60(b)(3)(4)(5)" because Rule 60(b) cannot be used to challenge state court judgments in federal court and, when construed as a § 2254 habeas petition, Garza's request was subject to the restrictions on successive habeas petitions.

## II. DISCUSSION

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant

---

[1] The court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id.*

who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted).

Here, Garza asks the court to invalidate his conviction and sentence and declare them void because the judgment violates principles of due process. Specifically, Garza claims his conviction was obtained through the use of perjured testimony and no valid signed and file-stamped judgment of conviction was ever entered as required by Nebraska law.

Rather than seeking permission to attack his state conviction directly through a successive habeas petition, Plaintiff invokes the Declaratory Judgment Act, 28 U.S.C. § 2201, and seeks to accomplish indirectly what he is prohibited from doing directly. The law is well-established that a prisoner cannot seek a declaratory judgment under 28 U.S.C. § 2201 as to the validity of a state court judgment which he is engaged in serving. *Christopher v. State of Iowa*, 324 F.2d 180, 181 (8th Cir. 1963). *See also Johnson v. Norris*, No. 5:09CV00032 SWW, 2009 WL 2424439, at *5 (E.D. Ark. Aug. 5, 2009) (citing *Waldon v. Iowa*, 323 F.2d 852, 852–53 (8th Cir.1963)) ("The law is clear that a prisoner cannot use a declaratory judgment action as an indirect way to challenge the constitutionality of the criminal judgment under which he is confined."); *Jones v. Missouri*, Case No. 1:08CV38, 2008 WL 2020318 at *4 (E.D.Mo. May 7, 2008) (unpublished opinion) (declaratory decree that judgment was invalid because plaintiff was deprived of a right to a fair trial due to state statute would be a review and revision of

judgment)). Such review is limited to the habeas sections of Title 28 of the United States Code, which Plaintiff has already pursued. *See, e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) ("The disruptive effects of [a declaratory] action ... are peculiarly great when the underlying claim must be adjudicated in a federal habeas proceeding.") Thus, Plaintiff's only remedy in federal district court is habeas corpus, and he is subject to the strictures under the Antiterrorism and Effective Death Penalty Act ("AEDPA") relating to second or successive habeas petitions. *See* 28 U.S.C. § 2244(b).

Lastly, Garza alleges that the 2011 amendment to Neb. Rev. Stat. § 29-3001, which imposed a one-year limitations period for the filing of state post-conviction motions, is unconstitutional on its face. It is clear that it is not. *See State v. Goynes*, 876 N.W.2d 912, 920–21 (Neb. 2016) (recognizing that states are not obligated to provide postconviction relief procedure, agreeing that reasonable procedural requirements are permissible, and noting that limitations periods in postconviction context have withstood constitutional challenges); *State v. Amaya*, 902 N.W.2d 675, 681 (Neb. 2017) (holding that the statutory time limits in § 29-3001(4) do not result in ex post facto punishment). *See also Williams v. State of Mo.*, 640 F.2d 140, 143 (8th Cir. 1981) ("[T]here is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions."); *Lankford v. Novac*, 7 F. App'x 867, 868 (10th Cir. 2001) ("It is well established that states may place reasonable time limitations on the assertion of federal rights."); *United States ex rel. Barksdale v. Lane,* No. 89 CV 4068, 1989 WL 135199, at *2 (N.D.Ill. Nov. 1, 1989) ("Since states have no obligation to provide for post-conviction relief of any form, there is no inherent right to a certain time period for seeking such relief.") (citations omitted), *aff'd,* 957 F.2d 379 (7th Cir.1992).

Accordingly, the court concludes that Plaintiff has failed to state any cognizable or plausible claim under the Declaratory Judgment Act and his complaint must be dismissed for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice.

2. The court will enter judgment by a separate document.

Dated this 8th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge